1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                                    EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,                        No.  2:13-cr-00088-KJM

12                       Plaintiff,

13         v.                                          ORDER

14    OTTO GODINEZ-SALES, FRANCISCO
      MARTINEZ-CRUZ,
15
                         Defendants.
16

17

18              This matter is before the court on a request filed by defendant Otto Godinez-Sales

19    and joined by defendant Francisco Martinez-Cruz to vacate the restitution hearing and order no

20    restitution.  The court heard argument on the request on September 10, 2014.  Assistant Federal

21    Defender Tim Zindel appeared for defendant Godinez-Sales; CJA Panel Attorney Gilbert Roque

22    appeared for Martinez-Cruz; Assistant United States Attorney Matthew Morris appeared for the

23    United States.  As explained below, defendants' request is DENIED.  While the court declines to

24    vacate the hearing, it also DENIES Recording Industry Association of America's (RIAA) request

25    to amend the judgment of conviction previously entered to order payment of restitution.

26    /////

27    /////

28    /////

                                                      1

1        I.        BRIEF BACKGROUND

2              A.  Proceedings Against Defendants

3              This court sentenced defendant Martinez-Cruz on June 4, 2014 and filed his

4    written judgment and commitment on June 13, 2014.  ECF Nos. 74, 78.  The court sentenced

5    defendant Godinez-Sales on July 23, 2014 and filed his written judgment and commitment on

6    July 31, 2014.  ECF Nos. 91, 92.  A restitution hearing for defendant Martinez-Cruz was

7    scheduled for August 20, 2014 and for Godinez-Sales on September 3, 2014.  ECF Nos. 74, 91.

8    These hearings were later combined and reset to September 10, 2014.  ECF No. 96.

9              The government claims it forwarded the RIAA's request for restitution on June 3,

10   2014 to Martinez-Cruz's counsel and on June 6, 2014 to Godinez-Sales's counsel.  Opp'n at 1-2,

11   ECF No. 100.  Defense counsel for Godinez-Sales says he never received the request, as he

12   advised the court at Godinez-Sales's sentencing.  Def.'s Req. at 1, ECF No. 97.  As noted, the

13   court deferred determination of restitution until September 3, 2014 without objection.  ECF No.

14   92 at 3.

15             Defendant Godinez-Sales requests the court vacate the restitution hearing as

16   procedurally barred for untimeliness.  Def.'s Req. at 2.  Defendant Martinez-Cruz joins.

17             B.  Mandatory Victims Restitution Act

18             The Mandatory Victims Restitution Act of 1996 ("MVRA"), as codified at 18

19   U.S.C. § 3663A and the post-1996 version at 18 U.S.C. § 3664, requires a court to order full

20   restitution to the identifiable victims of certain crimes, including fraud, without regard to a

21   defendant's economic circumstances. 18 U.S.C. § 3663A(c)(1).

22             The procedures for identifying victims and the losses they sustained as a result of a

23   defendant's criminal conduct are set forth in section 3664.  As a general rule, the sentencing court

24   may direct a probation officer to prepare a report providing "a complete accounting of the losses

25   to each victim."  18 U.S.C. § 3664(a).  To facilitate the preparation of this report, section

26   3664(d)(1) provides for the prosecutor, upon request of the probation officer, to consult with

27   victims and, not later than sixty days before the sentencing date, to detail any losses subject to

28   restitution.  Section 3664(d)(2) further provides that prior to submitting a report to the court, the

                                                2

1    probation officer shall, to the extent practicable, provide notice of the court proceedings to all

2    victims and afford them the opportunity to submit an affidavit detailing any losses subject to

3    restitution.

4         Where victims' losses are not ascertainable by a date ten days prior to sentencing,

5    as here, the prosecutor or the probation officer shall so inform the court, and "the court shall set a

6    date for the final determination of the victim's losses, not to exceed 90 days after sentencing."

7    18 U.S.C. § 3664(d)(5).  If a victim later discovers losses that could not reasonably have been

8    included in his initial claim for restitution, that victim may, within sixty days of discovering the

9    loss, petition the court for an amended restitution order.  *Id.*

10        The court resolves disputes regarding the amount of restitution by a preponderance

11   of the evidence.  18 U.S.C. § 3664(e).  The government has the burden of establishing the amount

12   of loss.  *Id.*

13   II.    TIMELINESS OF RESTITUTION REQUESTS

14        Defendants contend the restitution hearing is procedurally barred for untimeliness

15   and should be vacated.  Godinez-Sales specifically contends he was not given notice of a claim

16   for restitution until the government filed its amended restitution request on September 9, 2014,

17   the day before the restitution hearing.  *Id.* at 1.  "[T]he purpose behind the statutory ninety-day

18   limit on the determination of victims' losses is not to protect defendants from drawn-out

19   sentencing proceedings or to establish finality; rather, it is to protect crime victims from the

20   willful dissipation of defendants' assets."  *United States v. Cienfuegos*, 462 F.3d 1160, 1163 (9th

21   Cir. 2006) (quoting *United States v. Zakhary,* 357 F.3d 186, 191 (2d Cir. 2004)); *see also United*

22   *States v. Dando*, 287 F.3d 1007, 1110 n.4, 1111 n.6 (10th Cir. 2002).  A district court's failure to

23   determine identifiable victims' losses within ninety days after sentencing, as prescribed by

24   section 3664(d)(5), will be deemed harmless error to the defendant unless he can show actual

25   prejudice from the delay.  *Cienfuegos*, 462 F.3d at 1162-63.

26        Here, ninety days after sentencing fell on September 2, 2014, for Martinez-Cruz

27   and on October 21, 2014 for Godinez-Sales.  As the Ninth Circuit has found, however, the

28   statutory deadline is intended to protect any victims from losing the opportunity to obtain

1    meaningful restitution to which they are entitled.  Defendants here have not demonstrated

2    prejudice.  The court can still order restitution if it determines restitution is warranted.  *United*

3    *States v. Henrie*, 177 F. App'x 677, 678 (9th Cir. 2006) (affirming district court's restitution

4    determination after 90 days because delay not prejudicial).

5        III.    SUBSTANCE OF RESTITUTION REQUESTS

6             The RIAA seeks restitution from defendants solely for investigative costs in the

7    amount of $17,510.[1]  Opp'n at 4.  The award of investigative costs is provided for in the MVRA.

8    *See* 18 U.S.C. § 3663A(b)(4) (including "other expenses incurred in the investigation or

9    prosecution of the offense or attendance at proceedings related to the offense").

10            "This circuit has adopted a broad view of the restitution authorization [for

11   investigation costs]."  *United States v. Gordon*, 393 F.3d 1044, 1056-57 (9th Cir. 2004) (quoting

12   *United States v. Phillips*, 367 F.3d 846, 863 (9th Cir. 2004) (citation omitted)).  In addition to

13   being "direct and foreseeable," the incurred expenses must also be necessary to be recoverable.

14   *United States v. Wong*, CR-12-0483 EMC, 2014 WL 2700925 (N.D. Cal. June 13, 2014) (citing

15   *United States v. Amato*, 540 F.3d 153, 160 (2d Cir. 2008)).

16            In determining whether the government has met its burden of demonstrating the

17   amount of the loss sustained by the RIAA by the preponderance of the evidence, the court must

18   use "only evidence that possesses sufficient indicia of reliability to support its probable

19   accuracy."  *United States v. Waknine*, 543 F.3d 546, 557 (9th Cir. 2008).  Victim affidavits are

20   generally, but not always, sufficient to prove reliability.  *Id.* at 557-58.  The evidence offered

21   must explain how the costs are relevant to the investigation in question.  *United States v. Tsosie*,

22   639 F.3d 1213, 1223 (9th Cir. 2011).  If unsupported by any affidavit explaining charges, and if

23   "expenses are difficult to interpret or seem inappropriate," even itemized costs can provide "an

24   inadequate evidentiary basis to support the restitution award."  *Id*.

25            Here, the RIAA has provided three invoices from independent contractors it claims

26   to have retained to assist with the investigation in this case.  Aff. Marcus Cohen and Invoice at 2,

27   _____

28   [1] The RIAA initially sought lost profits in addition to investigation costs. The government
     conceded it could not seek lost profits at hearing on September 10, 2014.

                                             4

1    ECF No. 102-2.  The invoices are from J. Orr Investigations, Stealth Investigations Consultants,

2    Inc., and Clearcut Investigative Services.  *Id.* at 4-10.  Mr. Cohen is the Vice President of Anti-

3    Piracy Field Investigations for the RIAA.  In his affidavit, Cohen states that he "directed

4    independent investigators to survey the infringing activity, to assist with the review, collection

5    and storage of evidence, and to compile reports associated with these activities in support of the

6    criminal investigation."  *Id.* at 2.

7              The invoices identify "expense descriptions" including "airfare," "meals," "law

8    enforcement refreshments," "fuel," and "truck rental."  Descriptions of "work performed" include

9    "evidence storage," "search warrant/evid processing" and "report writing."  *Id.* at 4-10.  The

10   descriptions are vague, and the invoices on their face do not reference any of the defendants, the

11   nature of the investigation, or the purpose of the billed travel to and from Sacramento, Yorba

12   Linda, Santa Ana, Fresno, and San Jose.  Cohen does not name the investigators in his affidavit,

13   why they traveled throughout California, or the duration of their contract for this investigation.

14   *Id.* at 1-3.  Without explanatory detail, the travel does not match the facts of this case.  The

15   original criminal complaint and the indictment describe the investigation taking place in

16   Marysville, Orland, and San Jose.  Compl., ECF No. 1; Indictment, ECF No. 11.  The only

17   reference to an independent investigator in the criminal complaint is to Jim Orr, who confirmed

18   that the seized CDs were copyright protected.  ECF No. 1 at 10.  Given the lack of connection

19   established between the activity billed in the invoices and the investigation in this case, the court

20   cannot find these costs qualify for inclusion in an award of restitution.

21        IV. CONCLUSION

22             For the foregoing reasons, it is hereby ORDERED that defendants' motion to

23   vacate the restitution hearing is DENIED.  The RIAA's request to amend the judgments of

24   conviction previously entered with respect to defendants Godinez-Sales and Martinez-Cruz to

25   order payment of restitution is also DENIED.

26   DATED:  November 7, 2014.

27   _____

28                           UNITED STATES DISTRICT JUDGE

5